**CLEARFIELD & KOFSKY**
BY:  BENJAMIN C. HOFFMAN, ESQUIRE
Identification Number: 311628
1617 John F. Kennedy Boulevard, Suite 355
Philadelphia, PA 19103
215-563-6333

| | |
|---|---|
| TIMOTHY MCKENZIE | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| v. | : |
| | : NOVEMBER TERM, 2024 |
| COMMONWEALTH OF PENNSYLVANIA | : NO. 0432 |
| DEPARTMENT OF CORRECTIONS, et al. | : |

## PRAECIPE TO REINSTATE COMPLAINT

TO THE PROTHONOTARY:

    Kindly reinstate the Civil Action Complaint for an additional thirty (30) days in the above-captioned matter.

**CLEARFIELD & KOFSKY**

Benjamin C. Hoffman, Esq.

BY: _____

BENJAMIN C. HOFFMAN, ESQUIRE

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**NOVEMBER 2024**

E-Filing Number: 2411003785

**00432**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| TIMOTHY MCKENZIE | COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 225 TREE STREET PHILADELPHIA PA 19148 | 1920 TECHNOLOGY PARKWAY MECHANICSBURG PA 17050 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | COMMONWEALTH OF PENNSYLVANIA BOARD OF PROBATION AND PAROLE |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1101 SOUTH FRONT STREET SUITE 1500 HARRISBURG PA 17104 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | LATRICE JARVIS. MEWBORN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | C/O COMMONWEALTH OF PENNSYLVAN DEPARTMENT OF CORRECTIONS 1920 TECHNOLOGY PARKWAY MECHANICSBURG PA 17050 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 4 | ☒ Complaint ☐ Writ of Summons | ☐ Petition Action ☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less ☒ More than $50,000.00 | ☐ Arbitration ☒ Jury ☐ Non-Jury ☐ Other: | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☐ Commerce ☐ Minor Court Appeal ☐ Statutory Appeals | ☐ Settlement ☐ Minors ☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 20 - PERSONAL INJURY - OTHER |

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED PRO PROTHY NOV 04 2024 L. BREWINGTON | IS CASE SUBJECT TO COORDINATION ORDER? YES    NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: TIMOTHY MCKENZIE

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| BENJAMIN C. HOFFMAN | 1617 JOHN F KENNEDY BLVD #355 PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)563-6333 | (267)386-9972 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 311628 | bhoffman@clearfieldlawyers.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| BENJAMIN HOFFMAN | Monday, November 04, 2024, 10:19 am |

FINAL COPY (Approved by the Prothonotary Clerk)

Case ID: 241100432

**COMPLETE LIST OF DEFENDANTS:**

1. COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS
   1920 TECHNOLOGY PARKWAY
   MECHANICSBURG PA 17050
2. COMMONWEALTH OF PENNSYLVANIA BOARD OF PROBATION AND PAROLE
   1101 SOUTH FRONT STREET SUITE 1500
   HARRISBURG PA 17104
3. LATRICE JARVIS. MEWBORN
   C/O COMMONWEALTH OF PENNSYLVAN DEPARTMENT OF CORRECTIONS 1920 TECHNOLOGY
PARKWAY
   MECHANICSBURG PA 17050
4. KIMBERLYANN MACKEY
   C/O COMMONWEALTH OF PENNSYLVAN DEPARTMENT OF CORRECTIONS 1920 TECHNOLOGY
PARKWAY
   MECHANICSBURG PA 17050

THIS IS A MAJOR JU~~~~~ER.
ASSESSMENT OF DAMAGES HEARING

*By the*
*Office* ~~~~ *cords*
*04* ~~~~ *pm*

**CLEARFIELD & KOFSKY**
By: Benjamin C. Hoffman, Esquire
Identification No. 311628
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 355
Philadelphia, PA 19103
(215) 563-6333

Attorney for Plain~~~~~

| | | |
|---|---|---|
| TIMOTHY MCKENZIE | : | **COURT OF COMMON PLEAS** |
| 225 Tree Street | : | **PHILADELPHIA COUNTY** |
| Philadelphia, PA 19148 | : | |
| v. | : | **NOVEMBER TERM 2024** |
| **COMMONWEALTH OF PENNSYLVANIA** | : | |
| **DEPARTMENT OF CORRECTIONS** | : | |
| 1920 Technology Parkway | : | |
| Mechanicsburg, PA 17050 | : | **NO.** |
| And | : | |
| **COMMONWEALTH OF PENNSYLVANIA** | : | |
| **BOARD OF PROBATION AND PAROLE** | : | |
| 1101 South Front Street, Suite 5100 | : | |
| Harrisburg, PA 17104-2521 | : | |
| And | : | |
| (continued on next page | : | |

## COMPLAINT IN CIVIL ACTION
### (Code #2O-Other Personal Injury)

**NOTICE**

*You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.*

*"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.*

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL & INFORMATION SERVICE**
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

**AVISO**

*Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.*

*"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.*

**ASOCIACION DE LICENCIADOS DE FILADELFIA**
**SERVICIO DE REFERENCIA E INFORMACION LEGAL**
One Reading Center
Filadelfia, Penna. 19107
(215) 238-1701

-1-

(continued from previous page)                    :
                                                  :
PAROLE AGENT                                      :
LATRICE JARVIS MEWBORN                            :
Individually and in her official capacity         :
c/o Commonwealth of Pennsylvania                  :
Department of Corrections                         :
1920 Technology Parkway                           :
Mechanicsburg, PA 17050                           :
        and                                       :
PAROLE AGENT SUPERVISOR                           :
KIMBERLYANN MACKEY                                :
Individually and in his/her official capacity     :
c/o Commonwealth of Pennsylvania                  :
Department of Corrections                         :
1920 Technology Parkway                           :
Mechanicsburg, PA 17050                           :

## PARTIES

1. Plaintiff, Timothy McKenzie, is an adult individual who resides at the above-captioned address.

2. Defendant, Commonwealth of Pennsylvania Department of Corrections (hereinafter "DOC"), is a department of the Commonwealth of Pennsylvania, with an office for service at the above-captioned address.

3. Defendant, Commonwealth of Pennsylvania Parole Board (hereinafter "Board"), is a department of the Commonwealth of Pennsylvania, with an office for service at the above-captioned address.

4. Defendant, Latrice Jarvis Mewborn (hereinafter "Mewborn") is an adult individual who, at all relevant times, was employed as a parole agent for the Commonwealth of Pennsylvania.

-2-

5. At all relevant times, Mewborn was acting in her official capacity and had direct responsibility for keeping track of the whereabouts of Termaine Saulsbury.

6. Defendant, Kimberlyann Mackey (hereinafter "Mackey") is an adult individual who, at all relevant times, was employed as a parole agent supervisor for the Commonwealth of Pennsylvania.

7. At all relevant times, Mackey was acting in her official capacity and had direct responsibility for supervising, training and overseeing Mewborn.

## FACTUAL BACKGROUND

8. On November 25, 2022 Plaintiff, Timothy McKenzie was working as a parking enforcement officer for the Philadelphia Parking Authority.

9. While on duty, at or near the 4500 block of Frankford Avenue, Plaintiff was approached from behind by Tremaine Saulsbury (hereinafter "Saulsbury") and shot once in the head.

10. Investigation revealed that Saulsbury was also a suspect in a shooting in New York City a few days prior to the incident described herein.

11. Saulsbury, at the time of this incident, was on parole for multiple violent felonies dating back to at least 2006.

12. On July 15, 2019 Saulsbury was denied parole due to several reported misconducts while in prison, negative recommendation by the Department of Corrections and a risk assessment indicating he was a risk to the community.

13. In March 2020, the number of inmates granted parole in Pennsylvania increased dramatically due to concerns surrounding the COVID-19 pandemic.

14. On July 21, 2020 Saulsbury, again, came due for a parole review. This time, however, Parole was granted, although the community risk assessment was not noted in the Board's decision.

15. Upon being granted parole, Saulsbury was placed under the supervision of Parole Agent Mewborn.

16. Mewborn was responsible for making sure Saulsbury complied with the conditions of his parole, including periodic check-ins, confirmation of residence, confirmation of approved employment, drug and alcohol testing, among other conditions.

17. During this time, Mackey was the Parole Agent Supervisor for Mewborn.

18. As such, Mackey was responsible for ensuring Mewborn was properly trained and carrying out her duties adequately and in conformance with the appropriate policies and procedures.

19. During Saulsbury's parole, Mewborn failed to maintain contact with him, leading to his placement on the Most Wanted Absconders list for Pennsylvania.

20. Despite Saulsbury's absconder status, neither Mewborn, nor Mackey, made substantive efforts to find and/or detain Saulsbury.

21. Mewborn's duty to maintain contact with Saulsbury was not discretionary, but rather required as part of her position.

22. At all relevant times, oversight of Pennsylvania parolees fell under either the DOC or the Board.

23. The failures of the DOC, Board, Mewborn and Mackey led directly to Plaintiff's harm at the hands of Saulsbury.

## COUNT I: 42 U.S.C. §1983 STATE CREATED DANGER, PLAINTIFF, TIMOTHY MCKENZIE vs. DEFENDANT BOARD

24.    Plaintiff incorporates each allegation set forth above as though fully set forth herein.

25. Defendant's constitutional torts are not governed or limited in any way by 42 Pa.C.S. § 8541, *et seq.* or 42 Pa.C.S. § 8521, *et seq.*

26. At all times material hereto, Defendant acted under color of state law.

27. Upon granting parole to Saulsbury on July 21, 2020, Defendant, Board, knew of his violent propensities, institutional misconduct, and societal danger if released on Parole.

28. All of the above factors led to Saulsbury's parole denial merely one year prior.

29. The Board's decision on whether or not to grant parole must be based on those factors listed above.

30. Rather than following the required factors which overwhelmingly supported the denial of parole for Saulsbury, the Board elected to grant his parole in order to further their goal of reducing the prison population due to the COVID-19 pandemic.

31. The Board's decision to grant parole to Saulsbury created a foreseeable risk of harm to individuals in Plaintiff's position.

32. The Board's decision to disregard all of the factors indicating Saulsbury was a danger to society and grant him parole shocks the conscience.

33. Defendant's actions, errors and omissions, as described herein, constituted violations of Plaintiffs' rights, privileges and immunities, as secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, the right to life, liberty and bodily integrity.

34. The acts of Defendant amounted to deliberate indifference to the rights of Plaintiffs and of any similarly situated person secured by the Fourth and Fourteenth Amendments to the United States Constitution.

Case ID: 241100432

35.  Defendant's actions, and violation of Plaintiffs' rights, privileges and immunities, as secured by the Fourth and Fourteenth Amendments to the United States Constitution, as described herein, were the proximate cause of Plaintiffs' injuries.

36.  As a direct result of this incident, Plaintiff, Timothy McKenzie, has suffered injuries, including, but not limited to:  gun shot wound resulting in spinal fractures, facial paralysis, psychological injury, spinal cord injury, permanent scarring, permanent disfigurement, nerve damage, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

37.  As a further result of this incident, Plaintiff, Timothy McKenzie, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

38.  As a further result of this incident, Plaintiff, Timothy McKenzie, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the incident.

39.  As a direct and reasonable result of the incident aforementioned, Plaintiff, Timothy McKenzie, has or may hereafter incur other financial expenses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover.

40.  As a further result of the incident aforementioned, Plaintiff, Timothy McKenzie, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

-6-

**WHEREFORE,** Plaintiff, Timothy McKenzie, demands judgment against the Defendants, jointly and/or severally for damages, in an amount in excess of the arbitration limits, plus interest and costs.

### COUNT II: 42 U.S.C. §1983 STATE CREATED DANGER, PLAINTIFF, TIMOTHY MCKENZIE vs. DEFENDANTS DOC, LATRICE JARVIS MEWBORN (individually and in her official capacity), and KIMBERLYANN MACKEY (individually and in her official capacity)

41. Plaintiff incorporates all of the previous averments as if fully set forth herein.

42. Defendants' constitutional torts are not governed or limited in any way by 42 Pa.C.S. § 8541, *et seq.* or 42 Pa.C.S. § 8521, *et seq.*

43. At all times material hereto, Defendants acted under color of state law.

44. At all times relevant hereto, Defendants were responsible for overseeing the parole of Saulsbury, including but not limited to, keeping track of his whereabouts and ensuring compliance with terms of his parole.

45. Defendants failed to keep track of Saulsbury's whereabouts and did not ensure his compliance with the terms of his parole.

46. Defendants' failures led to Saulsbury's listing as a parole absconder.

47. Defendants' failures led to a known violent felon being set loose with no oversight or supervision.

48. Defendant's actions, errors and omissions, as described herein, constituted violations of Plaintiffs' rights, privileges and immunities, as secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, the right to life, liberty and bodily integrity.

-7-

49.  The acts of Defendant amounted to deliberate indifference to the rights of Plaintiffs and of any similarly situated person secured by the Fourth and Fourteenth Amendments to the United States Constitution.

50.  Defendant's actions, and violation of Plaintiffs' rights, privileges and immunities, as secured by the Fourth and Fourteenth Amendments to the United States Constitution, as described herein, were the proximate cause of Plaintiffs' injuries.

51.  As a direct result of this incident, Plaintiff, Timothy McKenzie, has suffered injuries, including, but not limited to: gun shot wound resulting in spinal fractures, facial paralysis, psychological injury, spinal cord injury, permanent scarring, permanent disfigurement, nerve damage, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

52.  As a further result of this incident, Plaintiff, Timothy McKenzie, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

53.  As a further result of this incident, Plaintiff, Timothy McKenzie, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the incident.

54.  As a direct and reasonable result of the incident aforementioned, Plaintiff, Timothy McKenzie, has or may hereafter incur other financial expenses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover.

Case ID: 241100432

55.    As a further result of the incident aforementioned, Plaintiff, Timothy McKenzie, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE**, Plaintiff, Timothy McKenzie, demands judgment against the Defendants, jointly and/or severally for damages, in an amount in excess of the arbitration limits, plus interest and costs.

### COUNT III: *MONELL* – MUNICIPAL LIABILITY, PLAINTIFF, TIMOTHY MCKENZIE vs. DEFENDANTS DOC and KIMBERLYANN MACKEY (individually and in her official capacity)

56.    Plaintiff, Timothy McKenzie, incorporates all of the previous averments as if fully set forth herein.

57.    Defendants, at all relevant times, knew of the danger to society that would likely arise from losing track of parolees in their charge.

58. Despite this knowledge, Defendants have consistently, for years prior to this incident, maintained an average of nearly 1,500 parolee absconders at any given time.

59. Defendants, through their policies, practices, customs and training did not adequately address the need to track and/or detain parolee absconders.

60. Defendants failed to prioritize the need to track and/or detain parolee absconders for years prior to this incident.

61. Defendants' actions, errors and omissions, as described herein, constituted violations of Plaintiffs' rights, privileges and immunities, as secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, the right to life, liberty and bodily integrity.

Case ID: 241100432

62. The acts of Defendants amounted to deliberate indifference to the rights of Plaintiffs and of any similarly situated person secured by the Fourth and Fourteenth Amendments to the United States Constitution.

63. Defendants' actions, and violation of Plaintiffs' rights, privileges and immunities, as secured by the Fourth and Fourteenth Amendments to the United States Constitution, as described herein, were the proximate cause of Plaintiffs' injuries.

64. As a direct result of this incident, Plaintiff, Timothy McKenzie, has suffered injuries, including, but not limited to:  gun shot wound resulting in spinal fractures, facial paralysis, psychological injury, spinal cord injury, permanent scarring, permanent disfigurement, nerve damage, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

65.     As a further result of this incident, Plaintiff, Timothy McKenzie, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

66.     As a further result of this incident, Plaintiff, Timothy McKenzie, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the incident.

67.     As a direct and reasonable result of the incident aforementioned, Plaintiff, Timothy McKenzie, has or may hereafter incur other financial expenses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover.

-10-

68.     As a further result of the incident aforementioned, Plaintiff, Timothy McKenzie, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE**, Plaintiff, Timothy McKenzie, demands judgment against the Defendants, jointly and/or severally for damages, in an amount in excess of the arbitration limits, plus interest and costs.

## COUNT IV: STATE LAW NEGLIGENCE
### PLAINTIFF, TIMOTHY MCKENZIE vs. LATRICE JARVIS MEWBORN (individually and in her official capacity) and KIMBERLYANN MACKEY (individually and in her official capacity)

69.     Plaintiff, Timothy McKenzie, incorporates all of the previous averments as if fully set forth herein.

70.     From the date of Saulsbury's parole until the date of this incident, Defendants were responsible for the supervision of Saulsbury.

71.     Defendants owed a duty to Plaintiff, and those in Plaintiff's position, to ensure that Saulsbury was compliant with the terms of his parole or, if Saulsbury was not incompliance for his parole, ensuring that he was detained in accordance with the laws of the Commonwealth of Pennsylvania and the policies and procedures of the PA Department of Corrections and/or PA Board of Probation and Parole.

72.     Defendant's duties included, but were not limited to, maintaining accurate records of Saulsbury's residence, ensuring Saulsbury reported to his Parole Officer as required by the applicable Parole Board Notice of Decision, ensuring that Saulsbury was not in possession of drugs, alcohol or weapons, and ensuring Saulsbury maintained gainful employment.

73.     Defendants failed to do those duties required of them, resulting in Saulsbury successfully absconding from his Parole obligations.

-11-

74.    Defendants knew of Saulsbury's Absconder status and failed to take the necessary steps to find and detain Saulsbury as required by the applicable policies and ordinances in effect at the time.

75.    As a direct result of this Defendants actions and inactions, Plaintiff, Timothy McKenzie, has suffered injuries, including, but not limited to:  gun shot wound resulting in spinal fractures, facial paralysis, psychological injury, spinal cord injury, permanent scarring, permanent disfigurement, nerve damage, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

76.    As a further result of this incident, Plaintiff, Timothy McKenzie, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

77.    As a further result of this incident, Plaintiff, Timothy McKenzie, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the incident.

78.    As a direct and reasonable result of the incident aforementioned, Plaintiff, Timothy McKenzie, has or may hereafter incur other financial expenses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover.

79.    As a further result of the incident aforementioned, Plaintiff, Timothy McKenzie, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

Case ID: 241100432

WHEREFORE, Plaintiff, Timothy McKenzie, demands judgment against the Defendants, jointly and/or severally for damages, in an amount in excess of the arbitration limits, plus interest and costs.

CLEARFIELD & KOFSKY

BY: _____
BENJAMIN C. HOFFMAN, ESQUIRE
Attorney for Plaintiff, Timothy McKenzie

-13-

## VERIFICATION

I, _Timothy McKenzie_ hereby verify that I am the _Plaintiff_ in the attached _Complaint_, and that the facts set forth herein are true and correct to the best of my knowledge, information and belief.  I understand that false statements made herein are subject to the penalties of the 18 PA C.S. §4904, relating to unsworn falsification to authorities.

NAME _Timothy McKenzie_

ADDRESS _____

DATE _____

Case ID: 241100432