IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| TIMOTHY MCKENZIE, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-0031 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| DEPARTMENT OF CORRECTIONS, <u>et al</u>., | : | |
| | : | |
| Defendants. | : | |

---

**ORDER**

AND NOW, this       day of                , 2025, upon consideration of Defendants

the Commonwealth of Pennsylvania, Department of Corrections and the Commonwealth of

Pennsylvania, Board of Probation and Parole's Motion to Dismiss Plaintiff's Complaint, it is

hereby ORDERED that the Motion is GRANTED. The Complaint is hereby DISMISSED as to

the Commonwealth of Pennsylvania, Department of Corrections and the Commonwealth of

Pennsylvania, Board of Probation and Parole WITH PREJUDICE.

BY THE COURT:

_____
HON. KAI N. SCOTT
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY MCKENZIE, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-0031 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| DEPARTMENT OF CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants the Commonwealth of Pennsylvania, Department of Corrections and the Commonwealth of Pennsylvania, Board of Probation and Parole, pursuant to Fed.R.Civ.P. 12(b)(6), hereby request that the Complaint be dismissed for the reasons described in the attached Memorandum of Law.

Wherefore, Defendants the Commonwealth of Pennsylvania, Department of Corrections and the Commonwealth of Pennsylvania, Board of Probation and Parole request that the Complaint be dismissed as to them.

MICHELLE A. HENRY
Attorney General

By:     /s/ Jeffrey Mozdziock

JEFFREY MOZDZIOCK
Deputy Attorney General
Attorney I.D. No. 320543

Office of Attorney General
The Phoenix
1600 Arch Street
Philadelphia, PA 19103
Phone: (215) 560-2404                 Nicole R. DiTomo

Fax:    (717) 772-4526                     Chief Deputy Attorney General
                                           Civil Litigation Section

Date:  January 10, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY MCKENZIE, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-0031 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| DEPARTMENT OF CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

## I.    INTRODUCTION

Plaintiff Timothy McKenzie brings this civil rights action pursuant to 42 U.S.C § 1983
against the Commonwealth of Pennsylvania, Department of Corrections and the Commonwealth
of Pennsylvania, Board of Probation and Parole ("Commonwealth Defendants").[1]  Seeking
monetary damages, Plaintiffs alleges that he was shot in the head by Tremaine Saulsbury, a
parolee who absconded from parole. Plaintiff brings Fourteenth Amendment state-created danger
claims against the Commonwealth Defendants and a *Monell* claim against the Department of
Corrections.

As to the Commonwealth Defendants, the Complaint is deficient. First, as agencies of the
Commonwealth, the Commonwealth Defendants are not persons amenable to suit for damages
under § 1983. Second, *Monell* claims are for ***municipal*** liability. The Defendants are state

---

[1] Plaintiff also names Parole Supervisor Kimberlyann Mackey and Parole Agent Latrice Jarvis
Mewborn as Defendants. Upon information and belief, these two named Defendants have yet to
be served.

agencies, not municipal agencies. As such, the Complaint cannot state a *Monell* claim against the Commonwealth Defendants. Because any amendment would be futile as to the Commonwealth Defendants, the Complaint should be dismissed against them with prejudice.

## II.    ARGUMENT

### A.    Standard on a Motion to Dismiss

### Rule 12(b)(6), Failure to State a Claim

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.2009). The Supreme Court in Iqbal clarified that the decision in *Twombly* "expounded the pleading standard for 'all civil actions.'" *Iqbal*, 556 U.S. at 684. The Court explained that although a court must accept as true all the well-pleaded factual allegations, that requirement does not apply to legal conclusions; the pleadings must include factual allegations to support the legal claims asserted. *Iqbal*, 556 U.S. at 684; *Santiago v. Warminster Tp.*, 629 F.3d 121, 128 (3d Cir.2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

### B.    Summary of Alleged Facts as to Commonwealth Defendants

On July 21, 2020, Tremaine Saulsbury, an inmate in the custody of the Department of Corrections, was granted parole. Complaint, ¶¶ 12, 14. Saulsbury's parole was placed under the supervision of Mewborn, an employee of the Board of Probation and Parole. *Id*., ¶¶ 4, 15. Saulsbury absconded from parole. *Id*., ¶¶ 19-20. On November 25, 2022, Saulsbury shot Plaintiff in the head. *Id*., ¶ 9.

**C.      Defendants are Not "Person[s]" Amenable to Suit for damages under § 1983**

In the Complaint, seeking damages, Plaintiff sues Commonwealth Defendants for

violations of § 1983 due to alleged violation of his Fourteenth Amendment rights.

State agencies are not considered "person[s]" amenable to suit for purposes of a damages

claim under § 1983.[2] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71, & n.10 (1989)

("We hold that neither a State nor its officials acting in their official capacities are 'persons'

under § 1983."). *See Zelinski*, 282 F. Supp. 2d at 264 n. 14.

The Department of Corrections and the Board of Probation and Parole are executive

agencies of the Commonwealth. As such, Commonwealth Defendants may not be sued for

damages under 42 U.S.C. § 1983.

**E.      Plaintiff Cannot Bring *Monell* Claims against State Defendants**

Plaintiff attempts to bring a *Monell* claim against the DOC. *See* Complaint, ¶¶ 56-68. As

Plaintiff is bringing claims against State, not municipal, defendants, this claim fails. *See  Thomas*

*v. Barkley*, C.A. No. 13-0551, 2013 WL 4786124, at *5 (W.D. Pa. Sept. 6, 2013) ("Although

<u>municipal</u> officials may be subject to Section 1983 liability under *Monell* where their execution

of a government policy or custom inflicts constitutional injury, . . . the same is not true for state

officials") (citations omitted) (emphasis in original).

**III.      CONCLUSION**

For the foregoing reasons, Commonwealth Defendants request that the Complaint be

dismissed with prejudice as to them.

---

[2] 42 U.S.C. § 1983 provides a cause of action against any "**person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected" any person to the deprivation of any right protected by federal law or the United States Constitution (emphasis added).

MICHELLE A. HENRY
Attorney General

By:     /s/ Jeffrey Mozdziock
        _____

JEFFREY MOZDZIOCK
Deputy Attorney General
Attorney I.D. No. 320543

Office of Attorney General
The Phoenix
1600 Arch Street
Philadelphia, PA 19103
Phone: (215) 560-2404
Fax:    (717) 772-4526

Nicoel R. DiTomo
Chief Deputy Attorney General
Civil Litigation Section

Date:  January 10, 2025

**<u>CERTIFICATE OF SERVICE</u>**

I, Jeffrey Mozdziock, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on January 10, 2025, I caused to be served a true and correct copy of the foregoing document titled Motion to Dismiss to all counsel of record by ECF.

By:    /s/ Jeffrey Mozdziock
_____

JEFFREY MOZDZIOCK